UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NICOLLE MOREA,

    Plaintiff,

CASE NO. 3:12-cv-130-J-32TEM

vs.

MIKE BEARDSLEY ENTERPRISES, INC.,
a Florida corporation and MICHAEL
BEARDSLEY, in his individual capacity,

    Defendants.
_____

# REPORT AND RECOMMENDATION[1]

Plaintiff Nicolle Morea initiated this lawsuit against Defendants Mike Beardsley Enterprises, Inc. ("MBE") and Mike Beardsley, individually, on February 6, 2012 (Doc. #1, Complaint). Morea brought a claim under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), alleging she routinely worked more than forty hours per week and was not paid overtime. Morea also brought common law claims for battery against Beardsley, and for negligent supervision and training against MBE.

This case is before the Court on the parties' Joint Motion for Approval of Settlement (Doc. #10, Joint Motion), filed June 6, 2012. The motion was referred to the undersigned for a report and recommendation on June 7, 2012. The parties request the Court approve their proposed settlement agreement and dismiss this case with prejudice. Defendants have agreed to pay Plaintiff $360, which the parties aver represents the entire amount of her overtime claim plus an equal amount for liquidated damages. The parties aver

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

attorneys fees were separately negotiated, and Plaintiff's counsel agreed to compromise his fees and costs at $3,000. Further, the agreement includes a compromise of Plaintiff's common law claims for $640.

A hearing on this matter was held by the undersigned on June 22, 2012 (*see* Doc. #15, Clerk's Minutes). During the course of the hearing the parties advised the Court of the precise nature of the bona fide dispute in this case, which was somewhat ambiguously stated in the Complaint and the Joint Motion, and was made more unclear by typographical errors in Plaintiff's answers to the Court's interrogatories (*see* Doc. #8). In the Complaint, Plaintiff alleged she was entitled to be paid time and one-half her regular pay rate for each hour worked in excess of forty hours per work week, and stated she "routinely" worked overtime hours (Complaint at 2). According to counsel's statements at the hearing, Plaintiff's FLSA claim centered on forty hours of overtime she worked during March 2010, which was her first month on the job.[2] Because the parties agreed Plaintiff was paid her regular rate of pay ($9 per hour) for the forty hours worked, the so-called "half-time" calculation was used in determining the overtime wages. The undersigned finds the half-time calculation to be appropriate in this instance.[3]

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back-wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back-wages or when the District Court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. If an FLSA plaintiff has been offered "full compensation," then the case does not involve a compromise under *Lynn's Food Stores*

---

[2] Plaintiff's counsel agreed that records produced by Defendants showed Plaintiff was properly paid in subsequent pay periods.

[3] The $360 total was calculated at $4.50 an hour for the forty hours ($180) matched by an equal amount for liquidated damages.

and therefore, judicial scrutiny with respect to the fairness and reasonableness of any proposed settlement is unnecessary. *MacKenzie v. Kindred Hosps. East, LLC*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003); *see also King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *3 (M.D. Fla. Mar. 7, 2007)[4] ("Where the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required.").

As there has been no compromise in the actual claim and Plaintiff has received the full amount sought for overtime pay and liquidated damages, the Court does not need to review the reasonableness of the agreed amount of attorneys fees and costs. *Marz v. Hosp. Inpatient Servs.,* No. 3:12-cv-239-J-32TEM, 2012 WL 2020190, at *1 (M.D. Fla. May 16, 2012); *Garcia v. Sunkey Bldg. Maint. Servs.*, No. 6:08-cv-1571-Orl-28DAB, 2009 WL 922092, at *2 (M.D. Fla. Apr. 3, 2009). Moreover, the amount of fees and costs does not appear unreasonable on its face.

Upon review of the parties' papers and the remainder of the file, the undersigned accepts the parties' representation that Plaintiff is receiving full compensation for her FLSA claim, without compromise. Accordingly, the undersigned recommends that the settlement be approved and the case be dismissed with prejudice. However, the Court need not approve the other provisions of the settlement agreement. The undersigned recommends the Court not approve the settlement agreement as a whole or reserve jurisdiction to enforce it.[5] *See Jarvis v. City Elec. Supply Co.,* No. 6:11-cv-1590-Orl-

---

[4] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. See also 11th Cir. R. 36-2.

[5] The undersigned notes the settlement agreement contains a confidentiality provision that is, at least in part, unenforceable due to the public filing of the agreement. *See Webb v. CVS Caremark Corp.*, No. 5:11-cv-106(CAR), 2011 WL 6743284, at *3 (M.D. Ga. 2011) (denying approval of settlement agreement that contained confidentiality clause because the provision was unenforceable by virtue of its public filing and contravened the legislative purpose of the FLSA). The settlement agreement also contains a general release
(continued...)

22DAB, 2012 WL 933057, at *6 (M.D. Fla. Mar. 5, 2012) (recommending the FLSA settlement that involved no compromise of the plaintiff's claims be approved as to compensation only and not as to confidentiality provision or to retain jurisdiction to enforce settlement); *Arroyo v. A&R Enterprise of Orlando*, No. 6:11-cv-1005-Orl-36KRS, 2012 WL 253185, at *2 (M.D. Fla. Jan. 11, 2012) (recommending the district court approve settlement compensation when counsel represented the plaintiff would receive full compensation, but recommending the district court not approve the settlement agreement as a whole or reserve jurisdiction to enforce the settlement agreement); *Biscaino v. ARS Acquisition Holdings, LLC*, No. 6:11-cv-894-Orl-28DAB, 2011 WL 4424394, at *3 (M.D. Fla. Sept. 13, 2011) (finding plaintiff was more than fully compensated under the FLSA and recommending the settlement agreement be approved as to compensation without approving or disapproving the reasonableness of the attorney fees).

Accordingly, it is respectfully **RECOMMENDED** that the Joint Motion for Approval of Settlement (Doc. #10) be **GRANTED in part** and the case be dismissed with prejudice.

**DONE AND ENTERED** at Jacksonville, Florida this 25th day of June, 2012.

Copies to:
Hon. Timothy Corrigan
Counsel of record

THOMAS E. MORRIS
United States Magistrate Judge

---

[5](...continued)
clause. Although courts generally disfavor general release clauses in FLSA settlement agreements, *see e.g., Webb*, 2011 WL 6743284, at *3; *Moreno v. Regions Bank,* 729 F.Supp.2d 1346, 1350–51 (M.D. Fla. 2010), agreements containing such clauses have been approved where, as here, the agreement encompassed settlement of other claims in addition to the FLSA claims. *See Bright v. Mental Health Resource Center, Inc.*, 2012 WL 868804 (M.D. Fla. 2012) (approving settlement agreement that contained general release where defendant asserted numerous counterclaims against plaintiff because "a settlement must necessarily address all of the parties claims"); *Robertson v. Ther–Rx Corp.,* No. 2:09–cv–1010–MHT (WO), 2011 WL 1810193, at *2 (M.D. Ala. May 12, 2011) (approving settlement agreement that contained general release where plaintiff received compensation for the FLSA claim and separate compensation for her claims under Title VII and the FMLA). However, as indicated by the case law cited above, it is unnecessary for the Court to approve the settlement agreement as a whole.